DE GUTIERREZ, Appellant, v. BRINKERHOFF et al., Respondents.*

No. 7550; July 26, 1882.

**Appeal—Order for New Trial—Conflict of Evidence.**—The appellate court should not reverse an order for a new trial if there was before the trial court a substantial conflict of evidence on any material issue.

**Appeal—Order for New Trial—Conflict of Evidence—"Fraud" or Improvidence.**—The trial court having found actual fraud from

---

[1] **Cited,** by the inaccurate title "Weise v. Bennett," in Lyons v. Cunningham, 66 Cal. 43, 4 Pac. 938, as authority for saying that where service of summons was effected otherwise than by the sheriff, proof of service by the person serving is a condition precedent to a judgment by default; that in the absence of such proof the court is without jurisdiction of the defendant.

---

*For subsequent opinion in bank, see post, p. 000, 1 Pac. 482.

the evidence which was conflicting, its order thereafter for a new trial ought not to be disturbed, since the fraud imputed might, on reconsideration, turn out to have been mere improvidence.

APPEAL from Superior Court, San Francisco.

Irving, Benham and Packard for appellant; Winans & Belknap for respondents.

MYRICK, J.—Upon the trial of this case in the district court, the court, in refusing defendants' motion for a nonsuit, said:

"So far as the fraud in this case is concerned, it is far from being a strong case of fraud, and I should be inclined to hold that there was no fraud were it not for the fiduciary relations of the parties, taken in connection with the relation that Conway held as an officer of the United States government. . . . . I think there is just about enough doubt in this case to hear the evidence on the other side. I should suppose that parties would desire, where there is an imputation against their characters of this kind, to have an opportunity to clear it up fully if they can. I deny the motion for a nonsuit for this reason."

Subsequently, the court found that the defendants Brinkerhoff and Scollan willfully, falsely, fraudulently, and with the intent to cheat and defraud Octaviano Gutierrez out of the land in question, induced him to execute a deed thereof; and rendered judgment for plaintiff.

A motion for new trial was heard before the superior court, successor of the district court, and the superior court, in granting the motion, held that there was no evidence showing actual fraud on the part of the defendants, Hutchinson, Conway, and Brinkerhoff, or either of them.

The motion for nonsuit should have been granted. The testimony fails to show that such relations existed between the parties as prevented them from making the transactions complained of. Possibly the transactions may have been improvident on the part of Octaviano; but the testimony fails to show that he was overreached through actual fraud.

Order affirmed.

SHARPSTEIN, J.—I concur in the affirmance of the order granting the motion for a new trial on the ground that this court will not reverse such an order if there be a substantial conflict in the evidence upon any material issue in the case. And in this case it appears to me that upon the question of fraud the evidence was conflicting, and that the court, having found upon such evidence that there was actual fraud, its subsequent order granting a new trial cannot be disturbed.

I concur: McKinstry, J.